LAW OFFICES
**DAVID B. BLOOM**
A PROFESSIONAL CORPORATION
3580 WILSHIRE BOULEVARD, SUITE 1045
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 384-4088
STATE BAR No. 56573
Fax (213)385-2009

JAMES E. ADLER (State Bar # 75653)
jadler@davidbloomlaw.com
Attorneys for Defendant,
JEFFREY SIEGEL individually and dba
SIEGEL & ASSOCIATES

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. GILLIAM,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY SIEGEL individually and dba SIEGEL & ASSOCIATES, et al.,<br><br>Defendants. | CASE NO:CV 07-05565-ABC(AJWx)<br><br>**RULE 26(f) REPORT**<br><br>DATE:   Off-Calender<br>TIME:<br>Ct.Rm.:   680 |

Defendant, JEFFREY SIEGEL individually and dba SIEGEL & ASSOCIATES, hereby submits the attached draft Joint Rule 26(f) Report, signed only by his counsel for the following reasons:

1. Plaintiff, though he participated in the Rule 26(f) conference, has not participated in preparing the joint report.

2. Inasmuch as the unserved First Amended Complaint in this matter, though it names many defendants in its body, names only Defendant Jeffrey Siegel in its caption, has apparently been interpreted by the court clerk as an abandonment by Plaintiff of his claims against all other defendants, who are now listed on the Pacer Docket as "terminated," the

1  other defendants, as Defendant Siegel's counsel understands it, are
2  taking the position that they are no longer parties. Thus their counsel
3  though participating in the conference ceased participating in the
4  preparation of this report.

5  The attached report consists of the draft report prepared by Counsel for the
6  Veteran's Administration, Tim Laskey, together with a few changes proposed by the
7  undersigned but not collectively approved or disapproved. The undersigned believes
8  that the attached statement accurately reflects the events and agreements which took
9  place at the telephonic Rule 26(f) conference.

11  DATED: January 7, 2007

LAW OFFICES OF DAVID B. BLOOM
A Professional Corporation

By: _____
        JAMES E. ADLER
        Attorneys for Defendant,
        JEFFREY SIEGEL dba
        SIEGEL & ASSOCIATES

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: **3580 Wilshire Boulevard, Suite 1045, Los Angeles, California 90010.**

On **January 8, 2007,** I served the foregoing document described as: **RULE 26(f) REPORT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SET OUT ON ATTACHED SERVICE LIST**

\_\_\_\_ **VIA FEDERAL EXPRESS:**
I caused the above-entitled document to be sent and delivered to the recipients listed above via **FEDERAL EXPRESS** for next business day delivery.

**X** **BY U.S. MAIL AS FOLLOWS:**
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_ **BY MESSENGER:**
I delivered such envelope by hand to the offices of the addressee.

**X** I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **January 8, 2007** at Los Angeles, California.

*James E. Adler*
James E. Adler

Charles W. Gilliam
*Pro Se* Plaintiff
P.O. Box 18672
Beverly Hills, CA 90209
(310) 734-9287
lieboy90209@yahoo.com

James E. Adler
LAW OFFICES OF DAVID B. BLOOM, APC
3580 Wilshire Blvd., Suite 1045
Los Angeles, CA 90010
(213) 384-4088
Attorneys for Defendant Jeffrey Siegel

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CHARLES GILLIAM,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY SIEGAL, individually and dba SIEGAL & ASSOCIATES; and DOES 1 thru 200, inclusive,<br><br>  Defendants. | No. CV 07-05565 ABC (AJWx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling<br>Conf.:   December 17, 2007<br>Time:    10:00 a.m.<br>Place:   Roybal Courthouse- Rm680<br>Judge:   Hon. Audrey B. Collins |

# INTRODUCTION

As an initial matter, *pro se* plaintiff Charles W. Gilliam has not properly served defendant, Jeffrey Siegal, individually and dba Siegal & Associates (collectively, "Defendant"), with the Amended Complaint ("FAC"). It is Defendant's understanding that the following parties are listed as terminated in the Court's Docket: Phil Bagues; Bagues Mortuary; Dr. Haddad; Hollywood Community Hospital; Hollywood Royale; Jameel M. Hourani, D.O.; Kindred Hospital Nursing Centers West LLC, dba Kindred Hospital Los Angeles; Windsor Gardens Convalescent Center; New Vista Post Acute Care Center; Heather Edwards; Buddy (Doe); and the Veterans Administration (collectively, "Terminated Parties"). It is believed that the Terminated Parties have not been properly served the Summons and the FAC.

On or about November 19, 2007, the Veteran Administration ("VA"), by and through counsel, conferred with Judge Collins clerk regarding the scheduling conference set for December 17, 2007 ("Scheduling Conference"). The VA inquired as to whether the Scheduling Conference would be continued in light of the fact that Plaintiff had not served most, if not all, of the originally named as defendants with the first amended complaint ("FAC"), filed on October 22, 2007. Judge Collins clerk informed the VA that the Scheduling Conference would not be continued.

On November 26, 2007, counsel for the Defendant and the Terminated Parties, with the exception of Dr. Haddad and Hollywood Royale, held a conference call with Plaintiff pursuant to the Court's Order Re: Conference ("Order"), entered on September 20, 2007 (collectively, "Conference Call Attendees"). Terminated Parties, Dr. Haddad and Hollywood Royale, did not

attend the conference call.[1] The Conference Call Attendees were not able to hold a meaningful Rule 26(f) conference, because they have not received service of the FAC and/or have not answered the FAC. Additionally, Plaintiff indicated during the call that he intends to amend the FAC to add more parties and assert more claims. Finally, several days after the call it was discovered that Defendant was the only party listed on the Court's Docket and that the other originally named defendants were listed as "Terminated: 10/22/2007."[2]

Defendant contends that the Scheduling Conference is premature. Defendant further assert that discovery and setting proposed dates are premature, because the pleadings are not settled as Defendant intends to file pre-answer motions (*e.g.*, motions to dismiss) against the allegations and claims in the FAC. Moreover, it is unclear if any other parties will be added to this action, including the Terminated Parties.

## JOINT RULE 26(f) REPORT

**1.   A statement of the claims, counterclaims, and affirmative defenses.**

Plaintiff's statement:


Defendant's statement:

The FAC fails to state a claim for which relief may be granted and is so vague and conclusory that it is difficult to ascertain the nature of Plaintiff's claims. At this time, Defendant contends that it is premature to state his affirmative defenses and counterclaims, if any, without knowing what allegations and claims

---

[1] Despite several requests, Plaintiff has not provided any information to reach Dr. Haddad. Plaintiff has agreed to provide Dr. Haddad's contact information by November 30, 2007. Paul Solomon, a manager for Hollywood Royale was notified and agreed to attend the conference call.

[2] Some of the Terminated Parties have indicated that they may attend the Scheduling Conference, but that they do not intent that their attendance is an appearance in this action.

Gilliam - Joint (26f) Report.wpd
December 19, 2007                                3

are at issue.

## 2. Description of the key legal issues.

At this time, Defendant contends that it is premature to state the key legal issues, because Plaintiff has not properly served the FAC, Defendant has not answered the FAC, and Defendant intends to file motions before answering the FAC. Due to the uncertainty of the pleadings, the Defendant is not able to describe the key legal issues at this time.

## 3. Likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.

Plaintiff intends to add more parties and claims by filing a Second Amended Complaint ("SAC"). Plaintiff intends to add parties and claims by December 28, 2007.

At this time, Defendant contends that it is premature for him to state whether he intends to add parties, or counterclaims. The FAC has not been properly served, the Defendant has not answered the FAC, and Plaintiff has indicated that he intends to further amend the pleadings.

The Parties do not intend to transfer venue.

## 4. Discovery and experts pursuant to Rule 26(f).

At this time, the Parties believe that discovery is premature.

The Parties, however, have agreed to the following schedule for initial disclosures: (1) Plaintiff must provide initial disclosures within 30 days after the Scheduling Conference, or by January 16, 2008; and (2) Defendant and any later added defendants must provide initial disclosures within 30 days of answering the operative complaint. The Parties agree that the 30 day period to provide initial disclosures will not be triggered by any defendant filing motions prior to answering the operative complaint, *e.g.*, motions to dismiss, motions for a more definite statement, and motions to strike.

Although it is anticipated that the Parties will have expert witnesses, the Parties have agreed to revisit the issue of experts once the Defendant has answered the operative complaint.

## 5. Description of any issues which may be resolved by motions for summary judgment.

Due to the uncertainty of the pleadings, the Parties are not able to describe the issues which may be resolved by motions for summary judgment. To the extent Plaintiff's action survives past the initial pleading phase (*i.e.*, motions to dismiss, motions to strike, etc.), Defendant anticipates that he will file motions for summary judgment regarding any and all remaining claims.

## 6. Description of settlement discussions to date, and the settlement selection pursuant to Local Rule 16.

Plaintiff has not discussed settlement with the Defendant.

Under Local Rule 16-15.4, the following options are listed as suggested settlement procedures: (1) the parties shall appear before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct ("Settlement Procedure No. 1"); (2) the parties shall appear before an attorney selected from the Attorney Settlement Officer Panel or before an attorney appointed by the trial judge for settlement proceedings ("Settlement Procedure No. 2"); and (3) the parties shall participate in a non-judicial dispute resolution proceeding ("Settlement Procedure No. 3").

The parties were not able to agree at this time to one settlement procedure under Local Rule 16. Therefore, the parties state their settlement preference(s) as follows:

Plaintiff agrees to Settlement Procedure No. ____.

Defendant Jeffrey Siegal dba Siegal & Associates agree to Settlement Procedures No. 1 (if assigned to magistrate judge) and second choice, No.2.

7. **Time estimate for trial; and whether it will be a jury or court trial.**

Plaintiff requests three weeks to present his case. At this time, Defendant contends that a trial estimate is premature.

Plaintiff has requested a jury trial. Defendant reserves the right to request a jury trial when he answers the operative complaint.

8. **Proposed dates.**

The Parties agree that setting dates is premature, because the pleadings are still not at issue as Plaintiff intends to further amend the pleadings and Defendant intends to file pre-answer motions once he is properly served the FAC (or the SAC).

9. **Any other matters affecting the status of the case.**

The Defendant has not received proper service of the FAC. Pursuant Rule 4 to Fed. R. Civ. P., Plaintiff has agreed to properly serve the Summons and the FAC, and to provide proof of service to this Court and the Defendant.

Although most of the originally named defendants are listed as terminated parties and are not listed in the caption of the FAC, they are referred to in the body of the FAC. Plaintiff has not served the summons and the FAC, so it is not clear if Plaintiffs intends the Terminated Parties to remain as defendants in the pending action.

Defendant Dr. Haddad does not appear on any of the Parties' service lists. Plaintiff has agreed to provide information regarding Dr. Haddad before the Scheduling Conference.

Defendant Hollywood Royale is not represented by counsel in this action. As a corporation, it is not able to represent itself in *pro per*. As a result, the VA has been informally communicating with Mr. Paul Solomon, a manager for Hollywood Royale, who has indicated that this defendant is in the process of obtaining counsel. It is also believed that this defendant has not been properly

served the FAC.

Plaintiff has refused to provide his home or work addresses to allow for personal service. Plaintiff, however, has agreed that service by email sent to his email account, lieboy90209@yahoo.com, together with concurrent mailing of a copy to his post office box address, shall constitute personal service effective as of the date and time of the email.

**10. Consent to Magistrate Judge.**

The Parties do not consent to have a magistrate judge preside over the entire case, including trial.

Respectfully submitted by:

Dated: December ____, 2007.        *Pro Se* Plaintiff

_____
CHARLES W. GILLIAM


Dated: December 19, 2007.          LAW OFFICES OF DAVID B. BLOOM, APC

_____
JAMES E. ADLER
Attorneys for Defendant Jeffrey Siegel individually and dba Siegel & Associates

## SERVICE LIST

Charles W. Gilliam
P.O. Box 18672
Beverly Hills, CA 90209

Geaorge S Cardona, U. S. Attorney
Leon W. Weidman, Asst. U.S. Attorney
Tim L. Laske, Special Asst. U.S. Attorney
Federal Building, Suite 7516
300 N. Los Angeles St.
Los Angeles, CA 90012

Alexander F. Giovanniello, Esq.
Phuong Nguyen, Esq.
Giovanniello & Michels
1470 S. Valley Vista Dr., Suite 200
Diamond Bar, CA 91765

Kevin P. Hillyer, Esq.
Jennifer A. McLain, Esq.
Patterson, Rittner, Lockwood & Jurich
620 Brand Blvd., 3rd Floor
Glendale, CA 91203-4221

Pamela A. Mixon, Esq.
Morris, Polich & Purdy
1055 W. Seventh St., 24th Floor
Los Angeles, CA 90017

Anabella Q. Bonfa, Esq.
Johnson, Cebula & Rygh
115 pine Ave., 5th Floor
Long Beach, CA 90802-4446

John A. Van Hook, Esq.
Alta Hospital Systems, LLC
11500 west Olympic Blvd., Suite 502
Los Angeles, CA 90064

Judith M. Tishkoff, Esq
Lewis Brisbois Bisgaard & Smith, LLP
221 N. Figueroa St., Suite 1200
Los Angeles, CA 90012