LAW OFFICES
**DAVID B. BLOOM**
A PROFESSIONAL CORPORATION
3580 WILSHIRE BOULEVARD, SUITE 1045
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 384-4088
STATE BAR NO. 56573
Fax No. (213)385-2009
JAMES E. ADLER (State Bar # 75653)
jadler@davidbloomlaw.com
Attorneys for Defendant,
JEFFREY SIEGEL individually and dba
SIEGEL & ASSOCIATES

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. GILLIAM,<br><br>            Plaintiff,<br><br>vs.<br><br>JEFFREY SIEGEL individually and<br>dba SIEGEL & ASSOCIATES, et al.,<br><br>            Defendants.<br>_____ | CASE NO:CV 07-05565-ABC(AJWx)<br><br>**NOTICE OF MOTION AND<br>MOTION TO ENTER SEPARATE<br>JUDGMENT IN FAVOR OF<br>DEFENDANT SIEGEL;<br>MEMORANDUM OF POINTS<br>AND AUTHORITIES<br>DECLARATION OF JAMES E.<br>ADLER**<br><br>**DATE:    March 10,  2008<br>TIME:      10:00 a.m.<br>Ct.Rm.:    680<br>Before:    Hon. Audrey B. Collins** |

TO  PLAINTIFF  CHARLES  W.  GILLIAM  AND  ALL  PARTIES  AND

COUNSEL HEREIN:

NOTICE IS HEREBY GIVEN that on March 10, 2008, in Courtroom 680 of

the above-entitled court, located at 255 E. Temple Street, Los Angeles, California

90012, at 10:00 a.m., or at such later time as counsel may be heard, Defendant

JEFFREY SIEGEL individually and dba SIEGEL & ASSOCIATES, erroneously sued

herein with Siegel incorrectly spelled as "Siegal" and as two defendants, will move

to move the court for and order directing entry of a separate judgment in favor of

moving defendant and against Plaintiff CHARLES W. GILLIAM, adjudging that the entire action as to said defendant is dismissed with prejudice and that Plaintiff take nothing against said defendant.  This motion is brought pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 54(b) and Rule 58(d) on the grounds that the Court's order of January 31, 2008 dismissing the action against moving defendant entirely dispose of this action as it relates to moving defendant, Plaintiff has not prosecuted his action against the other defendants, herein, the other defendants may or may not bring motions to dismiss this action or otherwise appear therein, and there is no just reason to delay entry of judgment in favor of moving defendant.

For purposes of compliance with Local Rule 7, Counsel for moving defendant has attempted to resolve this matter through conferring with *in pro per* Plaintiff prior to the filing of this motion in an attempt to resolve the issues raised herein but no resolution was reached.

This Motion will be based on this notice and the accompanying memorandum of points and authorities, the declarations of James E. Adler, filed herewith,  the pleadings and records on file herein, and upon such further oral and documentary evidence and argument as may be presented at the time of the hearing thereon.

DATED: February   11, 2008          LAW OFFICES OF DAVID B. BLOOM
                                     A Professional Corporation


                                     By: /S/ _____
                                         JAMES E. ADLER
                                         Attorneys for Defendant,
                                         JEFFREY SIEGEL dba
                                         SIEGEL & ASSOCIATES

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ........................................ **ii**

**MEMORANDUM OF POINTS AND AUTHORITIES** ................... **1**

**I.     PRELIMINARY STATEMENT** ................................ **1**

**II.___FRCP RULE 54(b) PERMITS ENTRY OF A SEPARATE
     JUDGMENT WHERE A CASE IS ENTIRELY
     RESOLVED AS TO ONE DEFENDANT AND THERE
     IS NO JUST REASON TO DELAY ENTRY**.........................**1**

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Alcan Aluminum Corporation v. Carlsberg Financial Corporation,
   689 F. 2d 815,817 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,
   819 F. 2d 1519,1525 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Soliday v. Miami County,
   55 F. 3d 1158,1163 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

## STATUTES AND RULES

Federal Rules of Civil Procedure, Rule 54(b)  . . . . . . . . . . . . . . . . . . . . . . . . .  1,2,3

Federal Rules of Civil Procedure, Rule 58(d) . . . . . .. . . . . . . . . . . . . . . . . . . . . 2

MOTION TO ENTER SEPARATE JUDGMENT IN FAVOR OF DEFENDANT SIEGEL

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO ENTER SEPARATE JUDGMENT

### I.    PRELIMINARY STATEMENT

In this action, Plaintiff CHARLES W. GILLIAM filed claims against Moving Defendant, JEFFREY SIEGEL dba SIEGEL & ASSOCIATES, as well as a plethora of other Defendants, mostly medical and care providers.  Moving Defendant SIEGEL is a professional fiduciary who served as  a trustee of an inter vivos trust and the holder of a health care power of attorney for Plaintiff's late father.  On January 31, 2008, the Court, pursuant to Moving Defendant's Motion To Dismiss, entered its order dismissing the action against Moving Defendant, with prejudice, thus resolving the entire action against said defendant.

Plaintiff in this action has never properly served the First Amended Complaint on most of the defendants and perhaps none of them.  Some named defendants contend that they are not yet parties to the action.  There is no indication that Plaintiff will ever serve them.  Therefore there is no certainty that other defendants will elect to appear or move to dismiss. Indeed counsel for some defendants have indicated that they do not plan to appear.   As such final judgment in this action as to moving defendant will be indefinitely delayed if a separate judgment is not entered in his favor.

### II.___FRCP RULE 54(b) PERMITS ENTRY OF A SEPARATE JUDGMENT WHERE A CASE IS ENTIRELY RESOLVED AS TO ONE DEFENDANT AND THERE IS NO JUST REASON TO DELAY ENTRY.

Federal Rules of Civil Procedure, Rule 54(b) provides in pertinent part as follows:

"When an action presents more than on claim for relief –

1    whether as a claim, counter-claim, crossclaim, or third

2    party claim – or when multiple parties are involved, the

3    court may direct entry of a final judgment as to one or

4    more, but fewer than all, claims or parties only if the court

5    expressly determines that there is no just reason for delay."

6    <u>Federal Rules of Civil Procedure</u>, Rule 58(d) provides that a party may request

7    that judgement be set forth on a separate document as required by Rule 58(a).

8    Where the distinct claims as against a single defendant are resolved, it is proper

9    to enter a separate judgment pursuant to Rule 54(b).   See <u>Alcan Aluminum</u>

10   <u>Corporation v. Carlsberg Financial Corporation</u>, 689 F. 2d 815,817 (9th Cir. 1982)

11   ["The order and judgement dispose of the case between Alcan and Carlsberg." "It is

12   not required that the Rule 54(b) claims be separate from and independent of the other

13   claims."]; <u>Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.</u>, 819 F. 2d

14   1519,1525 (9th Cir. 1987) [Entry of judgment under Rule 54(b)held proper where,

15   The matters disposed of by the partial summary judgments were sufficiently severable

16   factually and legally from the remaining matters, and they completely extinguished

17   the liability of the tire companies . . . . "]; <u>Soliday v. Miami County</u>, 55 F. 3d

18   1158,1163 (6th Cir. 1995) ["The claims against them are distinct and separable from

19   the claims against the other defendants, and Colvin and Meeker are not involved in

20   any remaining claim. Accordingly, we have jurisdiction to review the summary

21   judgments against them and will do so."]

22   In the case a bar, all of Plaintiff's claims against moving Defendant, JEFFREY

23   SIEGEL individually and dba SIEGEL & ASSOCIATES have been dismissed with

24   prejudice.  While it is difficult to ascertain what Plaintiff's claims actually are,

25   Moving Defendant's role in the underlying circumstances was that of a trustee of the

26   assets of plaintiff's father and the holder of a healthcare power of attorney, while the

27   other parties are generally care givers and an undertaker.  Further, Plaintiff has failed

28   to serve most defendants with the First Amended Complaint and it is thus unclear

1   when, if ever, the purported claims of Plaintiff against the other Defendants will be

2   resolved.  As such in the absence of entry of judgment pursuant to <u>Federal Rules of</u>

3   <u>Civil Procedure</u>, Rule 54(b) moving defendant will be denied any final determination

4   of this matter within any knowable or reasonable time frame.  As such, there is no just

5   reason not to enter a judgment in favor of moving defendant at this time.

6       Where, Defendant JEFFREY SIEGEL individually and dba SIEGEL &

7   ASSOCIATES, respectfully requests that the Court order entry of judgment in his

8   favor pursuant <u>Federal Rules of Civil Procedure</u>, Rule 54(b).

9   DATED: February 11, 2008      LAW OFFICES OF DAVID B. BLOOM
                          A Professional Corporation

11                   By: <u>/S/</u>
                          JAMES E. ADLER
                          Attorneys for Defendant,
                          JEFFREY SIEGEL dba
                          SIEGEL & ASSOCIATES

MOTION TO ENTER SEPARATE JUDGMENT IN FAVOR OF DEFENDANT SIEGEL

## DECLARATION OF JAMES E. ADLER
## IN SUPPORT OF MOTION TO STRIKE

I, James E. Adler declare:

1.       I am an attorney licensed to practice in the courts of the State of California and am a member of the bar of this Court., and am employed by the Law Offices of David B. Bloom, a professional corporation, attorneys of record, herein, for Defendant Jeffrey Siegel, individually and dba Siegel & Associates ("Siegel").

2.       On January 31, 2008, the Court dismissed Plaintiff's claims against Defendant Siegel with prejudice.

3.       Plaintiff's proof of service attached to the First Amended Complaint has attached to it a purported proof of service reflecting purported service only upon Defendant Siegel, Defendant United States (Veteran's Administration), Defendant Hollywood Royale, and Defendant Hollywood Community Hospital.  None of the addresses listed was the correct address of record for any attorney for any defendant who has appeared in this action.

4.       Attached hereto as Exhibit "A" is a true copy of a copy of a letter, dated November 7, 2007,  from the U. S. Attorney addressed to Plaintiff Gilliam, *inter alia*, referencing the need to serve the Amended Complaint and that no defendants had received a copy of the Amended Complaint, of which letter I received a copy by mail.

5.       Attached hereto as Exhibit "B" is a true copy of a letter, dated November 8, 2007, which I mailed to Plaintiff Gilliam, on that date, requesting that the First Amended Complaint be served and explaining that such service was required by FRCP Rule 5.

6.       On November 15, 2007, the Court in its Minute Order of that date ordered Plaintiff to serve the Amended Complaint on all unserved Defendants and warned that "failure to do so will result in dismissal with prejudice of his[Plaintiff's] claims against all unserved defendants."

7.      At the telephonic early meeting of counsel on November 26, 2007, defense counsel, including declarant, advised Plaintiff of the necessity to serve counsel for parties who have appeared in the action with the Amended Complaint.

8..      Defendant's counsel's office never received service from Plaintiff,  by mail, or otherwise,  of a copy of the Plaintiff's Amended Complaint.  Further, a review of the PACER docket shows that Plaintiff has not filed any additional proofs of service in this action.

9.      In e-mails received from other defense counsel in this case some have indicated that inasmuch as the First Amended Complaint had not been served that they did not plan to file motions to dismiss or other appearances in the action.

10.      Accordingly, there is no just reason to delay entry of judgment in favor of moving defendant.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the forgoing is true and correct and that this declaration was executed on February 11, 2008, at Los Angeles, California.

/S/_____

James E. Adler

MOTION TO ENTER SEPARATE JUDGMENT IN FAVOR OF DEFENDANT SIEGEL

1    7.    At the telephonic early meeting of counsel on November 26, 2007,

2    defense counsel, including declarant, advised Plaintiff of the necessity to serve

3    counsel for parties who have appeared in the action with the Amended Complaint.

4    8..    Defendant's counsel's office never received service from Plaintiff, by

5    mail, or otherwise, of a copy of the Plaintiff's Amended Complaint. Further, a review

6    of the PACER docket shows that Plaintiff has not filed any additional proofs of

7    service in this action.

8    9.    In e-mails received from other defense counsel in this case some have

9    indicated that inasmuch as the First Amended Complaint had not been served that

10   they did not plan to file motions to dismiss or other appearances in the action.

11   9.    Accordingly, there is no just reason to delay entry of judgment in favor

12   of moving defendant.

13   I declare under penalty of perjury under the laws of the United States of

14   America and the State of California that the forgoing is true and correct and that this

15   declaration was executed on February 11, 2008, at Los Angeles, California.

16

17   James E. Adler

18

19

20

21

22

23

24

25

26

27

28



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

*Tim L. Laske*
*Special Assistant U.S. Attorney*
*(213) 894-0805 (FAX) (213) 894-7819*
*tim.laske@usdoj.gov*

*Federal Building, Suite 7516*
*300 North Los Angeles Street*
*Los Angeles, California 90012*

November 7, 2007

**VIA U.S. MAIL**

Charles W. Gilliam
P.O. Box 18672
Beverly Hills, CA 90209

     Re:    *Charles W. Gilliam v. Jeffrey Siegal, et al.*, Case No. CV 07-5565 ABC(AJWx)

Dear Mr. Gilliam,

     This letter is to remind you of the scheduling conference before Judge Audrey B. Collins at 10:00 a.m. on December 17, 2007, in Courtroom 680, Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012. Enclosed is a copy of the Court's Order, filed September 20, 2007. In our view, the Order may be premature, because you have failed to serve most, if not all, of the defendants with the First Amended Complaint ("FAC"), and none of the defendants have answered the FAC. Nevertheless, at the present time the Order remains in effect.

     Pursuant to the Order, the parties are required to confer on a discovery plan no later than 21 days prior to the scheduling conference, or on or before November 26, 2007. The parties are also required to file a Joint Rule 26(f) Report no later than 14 days after they confer. The Joint Report must be prepared by you, but will be submitted and signed by all of the defendants. You must coordinate a conference call or in person meeting with all of the parties so that all the parties can confer on a discovery plan and discuss the Joint Report.

     Finally, as you know, the Court ordered you to file an amended complaint on or before October 20, 2007. On October 30, 2007, the Court indicated in its Civil Minutes that you filed a FAC on or about October 22, 2007. To date, defendant, the Veterans Administration ("VA"), has not received service of the FAC. Moreover, a review of the court's docketing system (*i.e.*, PACER) does not indicate that you filed a FAC. In fact, it is my understanding that none of the defendants have received the FAC. Please serve the FAC on the VA and the United States Attorney's Office as required by Rule 4 of the Federal Rules of Civil Procedure.

EXHIBIT ___A___    1

Thank you for your cooperation in this matter.

THOMAS P. O'BRIEN
United States Attorney

TIM L. LASKE
Special Assistant United States Attorney

Enclosure

cc:

    Hon. Audrey B. Collins
    See the attached List Of Defendants.

2

EXHIBIT A

## LIST OF DEFENDANTS

Annabella Bonfa, Esq.
Johnson, Cebula & Rygh
115 Pine Ave, 5th Floor
Long Beach, CA 90802
Attorneys for Defendants Phil Bagues and Bagues Mortuary

Albert Conrad Kovacs, Esq.
ATTORNEY AT LAW
520 Encanada Dr.
La Habra Heights, CA 90631
Attorney for Dr. Haddad.

Ellen Shin, Esq.
11500 West Olympic Blvd., Suite 502
Los Angeles, CA 90064
Attorney for Hollywood Community Hospital

Paul Solomon, Esq.
6054 Franklin Ave.
Los Angeles, CA 90028
Attorney for Hollywood Royale

Kevin P. Hillyer, Esq.
Jennifer McClain, Esq.
Patterson, Ritner, Lockwood & Jurich
620 Brand Blvd., 6th Floor
Glendale, CA 91203
Attorneys for Defendant Jameel M. Hourani, D.O.,

Alexander F. Giovanniello, Esq.
Phuong Nguyen, Esq.
Giovanniello & Michels LLP
1470 S. Valley Vista Dr. #200
Diamond Bar, CA 91765
Attorneys for Defendants Kindred Nursing Centers West LLC, d.b.a. Kindred Hospital Los Angeles

James E Adler, Esq.
David B Bloom Law Offices
3580 Wilshire Boulevard, Suite 1045
Los Angeles, CA 90010
Attorneys for Defendants Jeffrey Siegal, and Siegal & Associates

EXHIBIT A



-i-

Marc Katz, Esq.
Pamela A Mixon, Esq.
Morris Polich & Purdy LLP
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
Attorneys for Defendants Windsor Gardens Convalescent Center, New Vista Post Acute Care Center,
Heather Edwards



EXHIBIT A

⑨

LAW OFFICES

# David B. Bloom

**DAVID B. BLOOM**
**STEPHEN S. MONROE**
**JAMES E. ADLER**
**ROY A. LEVUN**
**EDWARD IDELL**
    ALSO ADMITTED IN NEW YORK AND FLORIDA
**SHELLEY M. GOULD**
    ALSO ADMITTED IN DISTRICT OF COLUMBIA

OF COUNSEL

DEAN P. SPERLING

A PROFESSIONAL CORPORATION

3580 Wilshire Boulevard
Suite 1045
Los Angeles, California 90010

(213) 384-4088
(323) 938-5248
Facsimile  (213) 385-2009

ORANGE COUNTY OFFICE

201 E. Sandpointe Avenue
Suite 220
Santa Ana, California 92707
(714) 438-8093
Facsimile (714) 438-8088

LOUIS MILLER
(1907-1992)
HARRY B. SELIG
(1903-1985)

November 8, 2007

Charles W. Gilliam
P.O. Box 18672
Beverly Hills, CA 90209

Re: Charles W. Gilliam v. Jeffrey Siegel, et al

Dear Mr. Gilliam:

On October 10, 2007, the District Court ordered you to file an amended complaint on or before October 20, 2007. Federal Rules of Civil Procedure Rule 5 requires that all pleading and papers be served on all parties who have appeared in the action before they are filed. Though the Court's Order of October 30, 2007 mentions a First Amended Complaint, this document has not been served and does not appear actually to have been filed.

Please serve the undersigned with a copy of any First Amended Complaint you may have filed in this action.   Please also include a copy the filing stamp of the court clerk showing the date of filing.

This is an attempt to meet and confer with you before a motion or other application is filed to dismiss the action as against our client, Jeffrey Siegel, individually and dba Siegel & Associates in light of your apparent  failure to either file or serve an amended complaint as required by the Court's Order.

Please provide this office with a conformed copy of the First Amended Complaint and/or contact this office by close of business on November 14, 2007 so that we may attempt to resolve the issues raised by the motion.

Very truly yours,

LAW OFFICES OF DAVID B. BLOOM, APC

James E. Adler (Ext. 117)

EXHIBIT _B_

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: **3580 Wilshire Boulevard, Suite 1045, Los Angeles, California 90010**.

On **February 11, 2008,** I served the foregoing document described as: **NOTICE OF MOTION AND MOTION TO ENTER SEPARATE JUDGMENT IN FAVOR OF DEFENDANT SIEGEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES E. ADLER** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SET OUT ON ATTACHED SERVICE LIST

\_\_\_\_   **VIA FEDERAL EXPRESS:**
I caused the above-entitled document to be sent and delivered to the recipients listed above via **FEDERAL EXPRESS** for next business day delivery.

 **X**   **BY U.S. MAIL AS FOLLOWS:**
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_   **BY MESSENGER:**
I delivered such envelope by hand to the offices of the addressee.

 **X**   I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **February 11, 2008** at Los Angeles, California.

_____
James E. Adler

MOTION TO ENTER SEPARATE JUDGMENT IN FAVOR OF DEFENDANT SIEGEL

## SERVICE LIST

1

2  Charles W. Gilliam
   P.O. Box 18672
3  Beverly Hills, CA 90209

4  Geaorge S. Cardona, U. S. Attorney
   Leon W. Weidman,Asst. U.S. Attorney
5  Tim L. Laske, Special Asst. U.S. Attorney
   Federal Building, Suite 7516
6  300 N. Los Angeles St.
   Los Angeles, CA90012

7

8  Alexander F. Giovanniello, Esq.
   Phuong Nguyen, Esq.
   Giovanniello & Michels
9  1470 S. Valley Vista Dr., Suite 200
   Diamond Bar, CA 91765

10

11 Kevin P. Hillyer, Esq.
   Jennifer A. McLain, Esq.
   Patterson, Rittner, Lockwood & Jurich
12 620 Brand Blvd., 3rd Floor
   Glendale, CA 91203-4221

13

14 Pamela A. Mixon, Esq.
   Morris, Polich & Purdy
   1055 W. Seventh St., 24th Floor
15 Los Angeles, CA 90017

16 Anabella Q. Bonfa, Esq.
   Johnson, Cebula & Rygh
17 115 pine Ave., 5th Floor
   Long Beach, CA 90802-4446

18

19 John A. Van Hook, Esq.
   Alta Hospital Systems, LLC
   11500 west Olympic Blvd., Suite 502
20 Los Angeles, CA90064

21 Judith M. Tishkoff, Esq
   Lewis Brisbois Bisgaard & Smith, LLP
22 221 N. Figueroa St., Suite 1200
   Los Angeles, CA 90012

23

24

25

26

27

28

AMY\ADLER\SIEGEL
MON Dis

12

MOTION TO ENTER SEPARATE JUDGMENT IN FAVOR OF DEFENDANT SIEGEL