LAW OFFICES
**DAVID B. BLOOM**
A PROFESSIONAL CORPORATION
3580 WILSHIRE BOULEVARD, SUITE 1045
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 384-4088
STATE BAR NO. 56573
Fax No. (213)385-2009
JAMES E. ADLER (State Bar # 75653)
jadler@davidbloomlaw.com
Attorneys for Defendant,
JEFFREY SIEGEL individually and dba
SIEGEL & ASSOCIATES

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. GILLIAM, | ) CASE NO:CV 07-05565-ABC(AJWx) |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RECONSIDERATION; DECLARATION OF JAMES E. ADLER** |
| JEFFREY SIEGEL individually and dba SIEGEL & ASSOCIATES, et al., | ) |
| Defendants. | ) **DATE:** ___**March 3, 2008**  **TIME:** **10:00 a.m.**  **Ct.Rm.:** **680**  **Before:** **Hon. Audrey B. Collins** |

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** ......................................... ii

**MEMORANDUM OF POINTS AND AUTHORITIES** ................... 1

**I.      PRELIMINARY STATEMENT** ............................... 1

**II.     WHERE A PARTY OPPOSING A MOTION FAILS TO
FILE A TIMELY OPPOSITION, THE COURT MAY PROPERLY
RULE WITHOUT A HEARING.** ............................... 1

**III.    IF PLAINTIFF IS CLAIMING THAT HE NEVER
RECEIVED SERVICE OF THE MOVING PAPERS, THIS
CLAIM IS LESS THAN CREDIBLE.** .......................... 2

**IV.     EVEN IF SOME BASIS FOR RECONSIDERATION WAS
FOUND, PLAINTIFF FAILS TO SET FORTH ANY
BASIS FOR OPPOSITION TO THE MOTION TO DISMISS** ........ 3

**V.      PLAINTIFF FAILS TO SUPPORT HIS MOTION WITH
EVIDENCE.** ............................................... 4

**DECLARATION OF JAMES E. ADLER** ............................ 5

AMY\ADLER\SIEGEL
Oppos..Recon.

OPPOSITION TO MOTION FOR RECONSIDERATION

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Ben Sager Chemicals International, Inc. v. E. Targosz & Co.,
    560 F.2d 805, 809 (7th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Morrow v. Topping,
    437 F.2d 1155,1156 (9th Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Teamsters, Chauffers, Warehousemen and Helpers Union, Local No.59 v.
Superline Transportation Company, Inc.,
    953 F.2d 17, 20 (1st Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

## COURT RULES

Federal Rules of Civil Procedure, Rule 5(b)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rules of Civil Procedure, Rule 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Federal Rules of Civil Procedure, Rule 78.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

United States District Court, Central District of California, Local Rule 6-1 . . . . . . 2

United States District Court, Central District of California, Local Rule 7-9 . . . . . . 1

United States District Court, Central District of California, Local Rule 7-12 . . . . .2

United States District Court, Central District of California, Local Rule 7-15. . . . . . 2

United States District Court, Central District of California, Local Rule 7-18 . . . . . 3

**_____MEMORANDUM OF POINTS AND AUTHORITIES**

**IN OPPOSITION TO  MOTION FOR RECONSIDERATION**

**I.    PRELIMINARY STATEMENT**

In this action, Plaintiff CHARLES W. GILLIAM has filed an amended Complaint against  Defendant, JEFFREY SIEGEL dba SIEGEL & ASSOCIATES, as well as a plethora of other Defendants, mostly medical and care providers. Defendant SIEGEL  is a professional fiduciary who served as  a trustee of an inter vivos trust and the holder of a health care power of attorney for Plaintiff's late father. Defendant Siegel's Motion to Dismiss was granted with prejudice by the Court on January 30, 2008, without opposition.  Plaintiff now brings this motion to reconsider, totally lacking in evidentiary support, apparently based on his claim that did not receive prior notice of the Court's Order of January 30, 2008, entered January 31, 2008 and/or that there was "sewer service."

Plaintiff, however, fails to explain why the service by mail upon him of the moving papers, as well the court's service upon him by mail of notice of the filing of the motion and of the hearing date, was not sufficient to permit him to file a timely opposition.  Even if Plaintiff were to establish some excuse, he fails entirely to show any defense to the motion or any basis upon which the Court should change its prior ruling.

Any claim by Plaintiff of lack of receipt of service (if that is his claim) is necessarily less than credible in that if he claims no notice, he must explain not only failure to receive the moving papers but also failure to receive the notice of filing mailed by the Court, or if received why he took no action.

**II.    WHERE A PARTY OPPOSING A MOTION FAILS TO FILE A TIMELY OPPOSITION, THE COURT MAY PROPERLY RULE WITHOUT A HEARING.**

United States District Court, Central District of Califomia, Local Rule 7-9 requires that a party desiring to oppose a motion file an opposition not later than

fourteen days prior to the date of the hearing.  Local Rule 7-12 provides, *inter alia*, that the failure to timely file an opposition to a motion is a consent to the granting of the motion.  Local Rule 7-15 provides that the Court  may dispense with oral argument on any motion. See also Federal Rules of Civil Procedure, Rule 78; Morrow v. Topping, 437 F.2d 1155,1156 (9th Cir. 1971)[Granting of motion to dismiss without hearing under prior Central District Rule affirmed.]

In the case at bar, no opposition having been filed, there was no reason to go forward with the hearing.  Plaintiff well knew that he was required to file a timely opposition. This was the second motion to dismiss in this action granted prior to the hearing date because no timely opposition was filed.  Defendant Siegel's motion to dismiss Plaintiff's original complaint was granted without hearing after Plaintiff failed to file or serve a timely opposition.  This requirement and result was explained by the Court in its order.

**III.   IF PLAINTIFF IS CLAIMING THAT HE NEVER RECEIVED SERVICE OF THE MOVING PAPERS, THIS CLAIM IS LESS THAN CREDIBLE.**

Service of moving papers on a motion by mail is authorized by Federal Rules of Civil Procedure, Rule 5(b)(2)(C), as well as Local Rule 6-1.

If Plaintiff is claiming that he did not actually receive the copy of the moving papers on the motion to dismiss which was mailed to him as set forth in the proof of service, he does not actually clearly state that to be his claim.  Nor does he support any of his claims with a declaration or affidavit.

Furthermore, Plaintiff fails to explain how it is that he apparently also claims to have failed to receive the mailed notice from the Court clerk of the filing of the motion to dismiss and of the hearing date.   If Plaintiff received this document, Plaintiff fails to explain why he failed to bring any alleged non-receipt of the moving papers referenced in the Court's notice to the attention of either counsel for moving Defendant or the Court.  That both of these items would supposedly somehow fail to

arrive in the mail is less than credible.

### IV.   EVEN IF SOME BASIS FOR RECONSIDERATION WAS FOUND, PLAINTIFF FAILS TO SET FORTH ANY BASIS FOR OPPOSITION TO THE MOTION TO DISMISS.

Even if somehow Plaintiff established a basis for reconsideration, Plaintiff has not filed a proposed opposition to the motion to dismiss the First Amended Complaint, or set forth any legal reason why the Court's ruling granting the motion to dismiss should be changed.

United States District Court, Central District of California, Local Rule 7-18, provides that a motion for reconsideration, "may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."   In the case at bar, without even addressing any issues concerning reasonable diligence or basis for reconsideration, it is clear that Plaintiff fails to present any basis whatsoever for opposing the motion to dismiss, or any other reason for finding that on reconsideration the Court's order should be changed.

Further, under Federal Rules of Civil Procedure, Rule 60(b), in order to obtain releif from a judgment or order, based upon surprise, mistake, or excusable neglect, a party is required to show the existence of a "meritorious defense." See Ben Sager Chemicals International, Inc. v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977) ["movant must demonstrate that he has a meritorious defense and that arguably one of the four conditions for relief applies"];  Teamsters, Chauffers, Warehousemen and Helpers Union, Local No.59 v. Superline Transportation Company, Inc., 953 F.2d 17, 20 (1st Cir. 1992)["invariable rule . . . . that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will

not be an empty exercise."] In the case at bar Plaintiff presents in his motion for reconsideration no defense, whatsoever, to the motion to dismiss and presents or legal basis for reversing or changing the Courts order granting the motion to dismiss.

## V.   PLAINTIFF FAILS TO SUPPORT HIS MOTION WITH EVIDENCE.

Plaintiff fails to file any declaration or affidavit to establish any of the alleged facts he relies upon in support of his motion.  As such none of the purported facts asserted by him should be considered. See <u>Morrow v. Topping</u>, *supra*, at 1156 [No error in denying Rule 60 motion for relief, where motion was not accompanied by affidavit and no evidence presented].

Wherefore, moving Defendant Jeffrey Siegel, respectfully requests that the Court deny Plaintiff's motion for reconsideration.

DATED: February 15, 2008          Respectfully submitted,

LAW OFFICES OF DAVID B. BLOOM
A Professional Corporation

By: /S/ _____
JAMES E. ADLER
Attorneys for Defendant,
JEFFREY SIEGEL dba
SIEGEL & ASSOCIATES

### DECLARATION OF JAMES E. ADLER

### IN OPPOSITION TO MOTION FOR RECONSIDERATIOn

I, James E. Adler declare:

1.      I am an attorney licensed to practice in the courts of the State of California and am a member of the bar of this Court., and am employed by the Law Offices of David B. Bloom, a professional corporation, attorneys of record for Defendant Jeffrey Siegel, herein.

2.      On or about, October 10, 2007 the Court entered its Order granting Defendant Siegel's Motion to Dismiss Plaintiff's original Complaint. That Order was entered by the Court prior to the hearing date after Plaintiff Charles W. Gilliam failed to timely file an opposition to the motion.  The Order, a true copy of which is attached hereto for reference as Exhibit "A," *inter alia*, explained that the motion was granted without a hearing because, "Plaintiff has failed to file an opposition to Defendant's motion by October 1, 2007, at least 14 days prior to the date of the hearing in this matter required by Local Rule 7-9.  Local rule 7-12 provides that failure to timely file an opposition to a motion may be deemed consent to granting of the motion."  Said order was served by mail on the parties to the action by the Court clerk.

3.      On or about November 8, 2007, I sent a letter to Plaintiff to commence the meet and confer process prior to filing of the motion to dismiss Plaintiff's First Amended Complaint.  On or about December 7, 2007, I sent an e-mail to Plaintiff Gilliam in relation to meet and confer as to that motion.  On or about December 11, 2007, I had a follow up telephone call with Plaintiff Gilliam in which he indicated that he was intending to file a Second Amended Complaint. He agreed that he could file it by a specific date.  The conversation ended with my stating, and Mr. Gilliam indicating consent, that if I did not receive a Second Amended Complaint by that date, I would go ahead and file the motion to dismiss.  Later, while I was preparing the motion and the report of the Rule 26 conference, I noticed that in the context of that conference Plaintiff had indicated that he would file a second amended complaint

1    by December 28, 2007, which was later than the date discussed on the telephone, so

2    I waited until after that date to file motion to dismiss.

3         4.     On January 8, 2008, as set forth on the proof of service attached to the

4    Motion to Dismiss or in the Alternative Strike the First Amended Complaint, filed

5    electronically on that date (Docket number 24), I personally placed copies of said

6    Motion to Dismiss and the Rule 26 Report into envelopes addressed to each of the

7    parties to this action listed on the proof of service, including Plaintiff Charles W.

8    Gilliam, and placed them into the office's outgoing mail collection box. According

9    to the office procedure followed in the Law Offices of David B. Bloom, this mail is

10   collected on a daily basis by a clerk or the receptionist, weighed and appropriate first

11   class postage placed thereon, and taken by a clerk to be placed in the United States

12   mail before the mail is picked up at the location of deposit. In addition, it is my

13   personal practice to check the outgoing mail collection box before I leave the office

14   on any day on which I am serving documents by mail to confirm that any such

15   documents have in fact been processed by office staff. I did this with respect to this

16   particular mailing, and as expected, the envelopes had been processed and were no

17   longer in the out box. No mail with respect to this service has been returned by the

18   post office. Attached hereto for reference as Exhibit "B", and incorporated herein by

19   reference, is a true copy of the proof of service filed with the motion to dismiss.

20        4.     On January 8, 2008, I received by e-mail from the Court Clerk the notice,

21   a true copy of which is attached hereto as Exhibit "C", which notice indicates that the

22   following filing: "NOTICE OF MOTION AND MOTION to Dismiss Case For More

23   Definite Statement and To Strike filed by defendant Jeffrey Siegel. Motion set for

24   hearing on 2/4/2008 at 10:00 AM before Judge Audrey B. Collins. (Adler, James)"

25   That notice also states:

26      "Notice has been delivered by First Class U.S. Mail or fax to:

27      Charles W Gilliam
       PO Box 18672

28      Beverly Hills, CA 90209"

5.    To date moving Defendant's counsel's office has not received in the mail any copy of the Motion For Reconsideration at bar, notwithstanding that the proof of service attached thereto recites that it was served by mail on February 8, 2008.  I did obtain a copy online after receiving notice of the filing by the court clerk on February 12, 2008.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the forgoing is true and correct and that this declaration was executed on February 15, 2008, at Los Angeles, California.

/S/_____

James E. Adler

AMY\ADLER\SIEGEL

Oppos..Recon.

OPPOSITION TO MOTION FOR RECONSIDERATION

5.    To date moving Defendant's counsel's office has not received in the mail any copy of the Motion For Reconsideration at bar, notwithstanding that the proof of service attached thereto recites that it was served by mail on February 8, 2008. I did obtain a copy online after receiving notice of the filing by the court clerk on February 12, 2008.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the forgoing is true and correct and that this declaration was executed on February 15, 2008, at Los Angeles, California.

/S/

James E. Adler

OPPOSITION TO MOTION FOR RECONSIDERATION

AMY\ADLER\SIEGEL
Oppos..Recon.

Priority ✓
Send ✓
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 07-5565 ABC (AJWx) | Date October 10, 2007 |
| Title | Charles W. Gilliam v. Jeffrey Siegel, et al. | |

**ORIGINAL** PRIORITY SEND

**Present: The Honorable** Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER Re: Defendant's Motion to Dismiss (In Chambers)

Pending before the Court is Defendant Jeffrey Siegel's ("Defendant's") Motion to Dismiss Plaintiff Charles W. Gilliam's ("Plaintiff's") Complaint, filed on September 12, 2007. The Court finds the matter appropriate for submission without oral argument and VACATES the October 15, 2007 hearing date. See Fed. R. Civ. P. 78; Local Rule 7-15. Plaintiff has failed to file an opposition to Defendant's motion by October 1, 2007, at least 14 days prior to the date of the hearing in this matter as required by Local Rule 7-9. Local Rule 7-12 provides that failure to timely file an opposition to a motion may be deemed consent to the granting of the motion. The Court has independently considered the merits of Defendant's motion and hereby GRANTS the Motion to Dismiss without prejudice. If Plaintiff does not file an amended complaint against Defendant within **ten (10) days** of the date of this order the Court will dismiss the complaint against him with prejudice.

**IT IS SO ORDERED.**

Initials of Preparer    D.A

DOCKETED ON CM
OCT 1 0 2007
BY      D.A      151

(9)

EXHIBIT ___A___

(8)

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am employed in the County of Los Angeles, State of California.  I am over
the age of 18 and not a party to the within action.  My business address is:  **3580**

4  **Wilshire Boulevard, Suite 1045, Los Angeles, California 90010.**

5       On **January 8, 2008,** I served the foregoing document described
as:**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED**

6  **COMPLAINT, FOR MORE DEFINITE STATEMENT, AND TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF**

7  **JEFFREY SIEGEL;  DECLARATION OF JAMES E. ADLER**
on the interested parties in this action by placing a true copy thereof enclosed in a

8  sealed envelope addressed as follows:

9       **SET OUT ON ATTACHED SERVICE LIST**

10  ___    **VIA FEDERAL EXPRESS:**
        I caused the above-entitled document to be sent and delivered to the

11  recipients listed above via **FEDERAL EXPRESS** for next business day delivery.

12  _**X**_   **BY U.S. MAIL AS FOLLOWS:**
        I am "readily familiar" with the firm's practice of collection and processing

13  correspondence for mailing.  Under that practice it would be deposited with the
U.S. postal service on that same day with postage thereon fully prepaid at Los

14  Angeles, California, in the ordinary course of business.  I am aware that on motion
of the party served, service is presumed invalid if postal cancellation date or

15  postage meter date is more than one day after date of deposit for mailing in
affidavit.

16

        **BY MESSENGER:**

17  ___   I delivered such envelope by hand to the offices of the addressee.

18  _**X**_   I declare under penalty of perjury under the laws of the State of California
        and the United States of America that the above is true and correct.

19

20

21  Executed on **January 8, 2008** at Los Angeles, California.

22

23  _____
        **James E. Adler**

24

25

26

27                              EXHIBIT B                    

28

MOTION TO DISMISS,  FOR MORE DEFINITE STATEMENT, AND TO STRIKE

## SERVICE LIST

Charles W. Gilliam
P.O. Box 18672
Beverly Hills, CA 90209

Geaorge S Cardona, U. S. Attorney
Leon W. Weidman,Asst. U.S. Attorney
Tim L. Laske, Special Asst. U.S. Attorney
Federal Building, Suite 7516
300 N. Los Angeles St.
Los Angeles, CA90012

Alexander F. Giovanniello, Esq.
Phuong Nguyen, Esq.
Giovanniello & Michels
1470 S. Valley Vista Dr., Suite 200
Diamond Bar, CA 91765

Kevin P. Hillyer, Esq.
Jennifer A. McLain, Esq.
Patterson, Rittner, Lockwood & Jurich
620 Brand Blvd., 3rd Floor
Glendale, CA 91203-4221

Pamela A. Mixon, Esq.
Morris, Polich & Purdy
1055 W. Seventh St., 24th Floor
Los Angeles, CA 90017

Anabella Q. Bonfa, Esq.
Johnson, Cebula & Rygh
115 pine Ave., 5th Floor
Long Beach, CA 90802-4446

John A. Van Hook, Esq.
Alta Hospital Systems, LLC
11500 west Olympic Blvd., Suite 502
Los Angeles, CA90064

Judith M. Tishkoff, Esq
Lewis Brisbois Bisgaard & Smith, LLP
221 N. Figueroa St., Suite 1200
Los Angeles, CA 90012

EXHIBIT ___B___ (10)

AMY\ADLER\SIEGEL
MON Dis

MOTION TO DISMISS, FOR MORE DEFINITE STATEMENT, AND TO STRIKE

**J. Adler**

| | |
|---|---|
| **From:** | <cacd_ecfmail@cacd.uscourts.gov> |
| **To:** | <ecfnef@cacd.uscourts.gov> |
| **Sent:** | Tuesday, January 08, 2008 9:51 AM |
| **Subject:** | Activity in Case 2:07-cv-05565-ABC-AJW Charles W Gilliam v. Jeffrey Siegal et al Motion to Dismiss Case |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended. Direct all inquiries to ecf-helpdesk@cacd.uscourts.gov.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Adler, James on 1/8/2008 at 9:51 AM PST and filed on 1/8/2008
**Case Name:**        Charles W Gilliam v. Jeffrey Siegal et al
**Case Number:**      2:07-cv-5565
**Filer:**            Jeffrey Siegal
**Document Number:** 24

**Docket Text:**
NOTICE OF MOTION AND MOTION to Dismiss Case *For More Definate Statement and To Strike* filed by defendant Jeffrey Siegal.Motion set for hearing on 2/4/2008 at 10:00 AM before Judge Audrey B. Collins. (Adler, James)

**2:07-cv-5565 Notice has been electronically mailed to:**

James E Adler     jadler@davidbloomlaw.com, dbloom@davidbloomlaw.com

Tim L Laske     tim.laske@usdoj.gov, tlaske@gmail.com

Jennifer Anne McClain     jmcclain@pattersonritner.com

Leon W Weidman     USACAC.Civil@usdoj.gov

**2:07-cv-5565 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Charles W Gilliam
PO Box 18672
Beverly Hill, CA 90209

Kevin Pauley Hillyer
Patterson, Ritner, Lockwood & Jurich
620 North Brand Boulevard, 3rd Floor
Glendale, CA 91203-4221

Pamela A Mixon
Morris Polich & Purdy LLP

EXHIBIT ___C___ (11)

1/8/08

1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**N:\amy\Adler\Siegal\motion dismiss.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/8/2008] [FileNumber=5164585-0]
[b8b96c22bcd18d92cbc03eaab28ad7e4f01ec53d72ca3a3eb8590df067ed568f88b1e
114a5d64e896639aedc75dabaaee06217833f4ad3aeb83250a849b2d5b6]]

EXHIBIT ___C___ (12)

1/8/08

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: **3580 Wilshire Boulevard, Suite 1045, Los Angeles, California 90010.**

On **February 15, 2008,** I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RECONSIDERATION; DECLARATION OF JAMES E. ADLER** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SET OUT ON ATTACHED SERVICE LIST

____ **VIA FEDERAL EXPRESS:**
I caused the above-entitled document to be sent and delivered to the recipients listed above via **FEDERAL EXPRESS** for next business day delivery.

**_X_** **BY U.S. MAIL AS FOLLOWS:**
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**X** And also by e-mail to Plaintiff Charles W. Gilliam only at lieboy90209@yahoo.com

____ **BY MESSENGER:**
I delivered such envelope by hand to the offices of the addressee.

**_X_** I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **February 15, 2008** at Los Angeles, California.

/S/
James E. Adler

AMY\ADLER\SIEGEL
Oppos..Recon.

(13)

OPPOSITION TO MOTION FOR RECONSIDERATION

## SERVICE LIST

Charles W. Gilliam
P.O. Box 18672
Beverly Hills, CA 90209

Geaorge S Cardona, U. S. Attorney
Leon W. Weidman,Asst. U.S. Attorney
Tim L. Laske, Special Asst. U.S. Attorney
Federal Building, Suite 7516
300 N. Los Angeles St.
Los Angeles, CA90012

Alexander F. Giovanniello, Esq.
Phuong Nguyen, Esq.
Giovanniello & Michels
1470 S. Valley Vista Dr., Suite 200
Diamond Bar, CA 91765

Kevin P. Hillyer, Esq.
Jennifer A. McLain, Esq.
Patterson, Rittner, Lockwood & Jurich
620 Brand Blvd., 3rd Floor
Glendale, CA 91203-4221

Pamela A. Mixon, Esq.
Morris, Polich & Purdy
1055 W. Seventh St., 24th Floor
Los Angeles, CA 90017

Anabella Q. Bonfa, Esq.
Johnson, Cebula & Rygh
115 pine Ave., 5th Floor
Long Beach, CA 90802-4446

John A. Van Hook, Esq.
Alta Hospital Systems, LLC
11500 west Olympic Blvd., Suite 502
Los Angeles, CA90064

Judith M. Tishkoff, Esq
Lewis Brisbois Bisgaard & Smith, LLP
221 N. Figueroa St., Suite 1200
Los Angeles, CA 90012